## QUO WARRANTO AGAINST A LIFE INSURANCE AGENT.

Court of Appeals for Franklin County.

STATE, EX REL HOGAN, ATTORNEY-GENERAL, V. RENSCHLER.*

Decided, April 3, 1913.

*Jurisdiction of the Courts of Appeals—Quo Warranto Against One Charged with Doing a Life Insurance Business Without Authority— Action Brought in Franklin County—Defendant Served in Another County—Service Upheld.*

An action in *quo warranto* may be brought in the court of appeals of Franklin county against an individual charged with transacting insurance business contrary to the insurance laws, although such individual be a resident of another county and served with summons in said county.

*Timothy S. Hogan,* Attorney-General, *Frank Davis, Jr.,* and *Charles J. Pretzman,* for relator.

*Axline, Betts & Kerns,* for respondent.

KUNKLE, J.

The petition states that defendant, John Renschler, has since on or about March 1, 1912, within this state, to-wit, in the county of Hancock, offended against the laws of the state and usurped and exercised authority and privileges not granted him, in that he has insured the lives of certain persons in the amounts stated in the petition and issued to such persons life insurance policies, called mutual notes, copies of which are attached to the petition.

---

*Affirmed, *Renschler* v. *State, ex rel,* 90 Ohio State, 363.

The clerk of the court of appeals of this county issued summons to the sheriff of Hancock county, who served a copy of said summons upon the defendant in Hancock county.

The defendant, expressly disclaiming any intention of entering his appearance and objecting to the jurisdiction of this court over his person, moves the court to quash and set aside the pretended service in the county of Franklin or in any other county within the territorial jurisdiction of this court, but was in fact attempted to be served upon him in the same county of his residence by the sheriff of Hancock county, and not otherwise.

Sections 345 and 12311, General Code, are as follows:

"The Attorney-General may prosecute an action, information, or other proceeding in behalf of the state, or in which the state is interested, except prosecutions by indictment in the proper court of Franklin county, or of any other county in which the defendant or one or more of the defendants reside or may be found. No civil action, unless elsewhere specially provided, shall be commenced in Franklin county, if the defendant or one or more of the defendants do not reside or can not be found therein, unless the Attorney-General shall certify on the writ that he believes the amount in controversy exceeds five hundred dollars.

"An action under this chapter can be brought only in the Supreme Court, or in the circuit court of the county in which the defendant, or one of the defendants, resides or is found, or, when the defendant is a corporation, in the county in which it is situated, or has a place of business; except that, when the Attorney-General files the petition, it may be brought in the Circuit Court of Franklin County."

The defendant claims that these sections of the General Code have no application for the following reasons:

"1. Being enacted prior to the constitutional amendment they can not apply to a court created by such amendment excepting to the extent provided by such amendment, viz., pending cases.

"2. The amendment expressly provides as to new cases the jurisdiction of the court shall be governed by the 'provisions hereof' thus negativing the application of existing statutes and precluding future enactments on the subject.

"3. Any construction of either of these sections that would give the Circuit Court or the Appellate Court of Franklin

County a special jurisdiction not common to the powers of the same court in other counties of the state would make that part of the sections void as special legislation.''

These sections, in so far as they relate to the right of the circuit court of this county to entertain jurisdiction over defendants who are not residents of this circuit district, have been before our Supreme Court upon different occasions. The latest expression of the Supreme Court upon this question that we recall is found in the case of *Cleveland Terminal & Valley Rd. Co.* v. *The State,* 85 Ohio St., 251. Judge Shauck, in rendering the opinion, says at page 292:

''The propositions to be taken as established are: the state became the owner in fee of all the lands, which it originally used in the construction of its canal system, including the lands in controversy; *quo warranto* will lie to protect the interest of the state in lands so acquired; *the Circuit Court of Franklin County had jurisdiction of the subject of the action.*''

Do the sections of the General Code above quoted apply to the courts of appeals? We have considered the reasons suggested by counsel for defendant in their briefs and are of the opinion that the court of appeals of this county has the same jurisdiction over the subject of this action that the circuit court would have had prior to January 1.

We think the statutory provisions relating to the jurisdiction of and procedure in the circuit courts apply to the courts of appeals, except as the same may have been expressly modified by Section 6 of Article IV of the Constitution, which took effect January 1, 1913.

This section of the Constitution provides, among other things, that the courts of appeals shall continue the work of the respective circuit courts, that all pending cases and proceedings in the circuit courts shall proceed to judgment and be determined by the respective courts of appeals and be taken to the Supreme Court ''as now provided by law,'' that the cases brought into said courts of appeals after the taking effect of the amendment shall be subject to the provisions thereof, and that the circuit courts shall be merged into and their work continued by the courts of appeals.

We think this construction is sustained by the recent decision of the Supreme Court in the case of *State, ex rel Chittenden,* v. *Harmon, Governor,* 87 Ohio St., 364, in which the court hold at page 376:

''Another provision is much more significant with respect to the question before us: 'The circuit courts shall be merged into and their work continued by the courts of appeals.' While this form of expression would hardly be anticipated in an instrument of the character of this, it can not be regarded as the mere equivalent of: 'The circuit court shall be succeeded by the court of appeals.' It obviously denotes a more intimate relation between the circuit courts and the courts of appeals than would be denoted by the provision that the latter should succeed the former. It being clear that there was intended no such difference in the Constitution or functions of the intermediate courts as would make an election to one court inconsistent with service in the other, there being expressed the practical functional identity of the courts in the provision that judges actually serving in one should serve in the other, and there being in the provision lastly quoted a characterization of the transition which clearly retains a more intimate relation than that of mere succession, we think the language employed, considered with the objects to be attained, properly leads to the conclusion that by virtue of his election the relator will be entitled to exercise the functions of a judge of the court of appeals for six years from February 9, 1913.''

The motion will be overruled. Motion overruled.

ALLREAD, J., and FERNEDING, J., concur.